**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Thomas R. SCHIFFBAUER,**
**Defendant–Appellant.**

**No. 90–10624.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Sept. 10, 1991.

Decided Feb. 4, 1992.

Bram L. Jacobson, Asst. Federal Public Defender, Phoenix, Ariz., for defendant-appellant.

Janet L. Patterson, Asst. U.S. Atty., Phoenix, Ariz., for plaintiff-appellee.

Before CANBY, and KOZINSKI, Circuit Judges, and NIELSEN,* District Judge.

* The Honorable Wm. Fremming Nielsen, United States District Judge for the Eastern District of Washington, sitting by designation.

CANBY, Circuit Judge:

Thomas Richard Schiffbauer appeals his bank robbery sentence. He contends that the district court illegally sentenced him to a term exceeding the maximum penalty authorized by 18 U.S.C. § 3581(b). We affirm.

## BACKGROUND

A federal grand jury indicted Schiffbauer for the armed robbery of Security Savings and Loan in Mesa, Arizona. Pursuant to a plea agreement, Schiffbauer pled guilty to the lesser included offense of unarmed robbery in violation of 18 U.S.C. § 2113(a). At his sentencing hearing, Schiffbauer contended that 18 U.S.C. § 3581(b) classifies this offense as a Class C offense and thereby limits the maximum statutory term to twelve years. The district court rejected this argument and chose to rely on 18 U.S.C. § 3559(b). That statute provides that the maximum term is the term authorized by the statute describing the substantive offense. Because the bank robbery statute authorizes a twenty-year maximum term, the district court imposed a fourteen-year sentence, together with other terms not relevant to this appeal.

## DISCUSSION

Schiffbauer challenges the district court's sentence and its interpretation of federal statutes. We review these matters *de novo*. *See United States v. Schiek*, 806 F.2d 943, 944 (9th Cir.1986), *cert. denied*, 481 U.S. 1032, 107 S.Ct. 1962, 95 L.Ed.2d 534 (1987); *United States v. Martinez-*

*Jimenez*, 864 F.2d 664, 665–66 (9th Cir.), *cert. denied*, 489 U.S. 1099, 109 S.Ct. 1576, 103 L.Ed.2d 942 (1989).

Schiffbauer contends that the district court sentenced him to a term exceeding the maximum allowable penalty. In determining the maximum term, 18 U.S.C. § 3559 [1] directs us to the statute describing the substantive offense. According to this section, Schiffbauer's fourteen-year sentence clearly fell within the twenty-year range authorized by the bank robbery statute. *See* 18 U.S.C. § 2113(a).

Schiffbauer argues, however, that 18 U.S.C. § 3581 [2] limited the district court to a twelve-year maximum term. As he notes, section 3559 classifies bank robbery as a Class C felony. 18 U.S.C. § 3559(a)(3). Section 3581 establishes that the sentence for this offense is not more than twelve years. 18 U.S.C. § 3581(b). Moreover, another section directs courts to sentence individuals in accord with section 3581. 18 U.S.C. § 3551(b)(3). Schiffbauer therefore concludes that the district court erred in imposing a fourteen-year term.

We have recently rejected a similar argument. In *United States v. LaFleur*, 952 F.2d 1537 (9th Cir.1991), we held that the letter-classification sentencing scheme of sections 3559(a) and 3581(b) did not apply to the offense of first degree murder set forth in 18 U.S.C. § 1111, because the latter statute specified its own penalty of a mandatory life sentence. We said that "[t]here is no indication that § 3581 was intended to modify clearly established statutory sentences." *Id.* at 1546. The Second and Third Circuits have reached similar conclusions. *See United States v. Gonza-*

---

**1.** Title 18, United States Code, section 3559, provides in part:

(a) An offense that is not specifically classified by a letter grade in the section defining it, is classified if the maximum term of imprisonment authorized is—

. . . .

(3) less than twenty-five years but ten or more years, as a Class C felony.

(b) An offense classified under subsection (a) carries all the incidents assigned to the applicable letter designation, except that *the maxi-*

*mum term of imprisonment is the term authorized by the law describing the offense.* (Emphasis added.)

**2.** Title 18, United States Code, section 3581 provides in part:

(a) A defendant who has been found guilty of an offense may be sentenced to a term of imprisonment.

(b) The authorized terms of imprisonment are . . . .

(3) for a Class C felony not more than twelve years.

*lez,* 922 F.2d 1044, 1050 (2d Cir.1991); *United States v. Donley,* 878 F.2d 735, 740 (3d Cir.1989), *cert. denied,* 494 U.S. 1058, 110 S.Ct. 1528, 108 L.Ed.2d 767 (1990).

▪ Here, too, we conclude that Congress did not intend the penalties set in section 3581(b) to apply to offenses that received letter grades for the first time in section 3559(b). Section 3581(b)'s penalties apply only to offenses that are assigned letter classifications in the statutes describing them. Because Congress has continued to specify maximum penalties without reference to letter-grade classifications, however, section 3581(b) has not yet had any crimes upon which to operate. *See* Crime Control Act of 1990, Pub.L. 101–647, §§ 322 & 1701, 104 Stat. 4789, 4818 & 4843 (1990).[3]

▪ Section 3559(b), on the other hand, applies to statutes, like the pre-existing statute defining bank robbery, that provide a specific maximum sentence in the statute describing the crime. Thus, the plain language of section 3559(b) states that all of the incidents of the letter grading system shall apply *"except that* the maximum term of imprisonment is the term authorized by the law *describing the offense"* (emphasis added).

Congress, at least up to now, has not implemented the letter-grade system contemplated by section 3581(b). It follows that section 3581 is inapplicable to the existing bank robbery offense.[4] This construction follows from the statutes and Congress's continuing practice of specifying maximum sentences in crime legislation. It is also in accord with the decisions of two other circuits and the views of the Sentencing Commission.[5]

AFFIRMED.

---

3. According to the United States Sentencing Commission, Congress has abandoned its plan to assign existing federal crimes letter-grade sentencing classifications. *Questions Most Frequently Asked About the Sentencing Guidelines,* Volume IV, p. 8 (Dec. 1, 1990). The Commission's position, of course, cannot serve as evidence of the intent of Congress. We find the Commission's interpretation to have persuasive value, however, because of its experience and familiarity with the federal criminal laws.

4. Because section 3581 has no letter-grade crimes upon which to operate, the direction of

section 3551(b)(3) to sentence in accord with section 3581 is equally ineffectual.

5. Because there is no ambiguity, Schiffbauer's attempt to invoke the rule of lenity must fail. *See Moskal v. United States,* —— U.S. ——, 111 S.Ct. 461, 465, 112 L.Ed.2d 449 (1990).

