Richard Allen TYREE, Petitioner–
Appellee,

v.

Larry E. TAYLOR, Warden,
Respondent–Appellant.

No. 91–55240.

United States Court of Appeals,
Ninth Circuit.

Submitted Feb. 13, 1992.*

Memorandum Filed Feb. 18, 1992.

Decided June 2, 1992.

Jennifer T. Lum, Asst. U.S. Atty., Los Angeles, Cal., for respondent-appellant.

Stan Hansen, Beverly Hills, Cal., for petitioner-appellee.

Before: CANBY, NORRIS, and LEAVY, Circuit Judges.

## ORDER

The memorandum disposition filed February 18, 1992, 955 F.2d 48 (9th Cir.) is redesignated as an authored opinion by Judge Leavy.

## OPINION

LEAVY, Circuit Judge:

■ Warden Larry E. Taylor appeals the district court's denial of his motion for reconsideration.[1] We review "for an abuse of discretion, and we will reverse 'only upon a *clear showing* of abuse of discretion.'" *Molloy v. Wilson*, 878 F.2d 313, 315 (9th Cir.1989) (emphasis in original) (quotation omitted). We affirm.[2]

Taylor contends that the district court erred in granting Tyree credit against the sentence imposed upon him in the District of Utah for time Tyree spent in pretrial custody at a community treatment center. In particular, Taylor contends that Tyree received double credit because he already had received credit against the concurrent sentence imposed upon him in the Northern

---

\* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App.P. 34(a); 9th Cir.R. 34–4.

1. Tyree contends that Taylor filed an untimely motion for reconsideration. This contention lacks merit because Taylor filed the motion 10 days after the entry of judgment. *See* Fed. R.Civ.P. 6(a), 59(e).

2. Tyree contends that Taylor waived his right to appeal the district court's judgment because Taylor did not file objections to the magistrate's report and recommendation. This contention lacks merit. *See Barilla v. Ervin*, 886 F.2d 1514, 1518 (9th Cir.1989).

District of California. These contentions lack merit.

■ Time spent under substantial conditions of restraint in a community treatment center prior to trial is considered to be time "in custody" for the purpose of credit against the sentence imposed. *Brown v. Rison,* 895 F.2d 533, 536 (9th Cir.1990). In order for a prisoner to receive meaningful credit against two concurrent sentences, the prisoner must receive credit against the longer of the two sentences.

■ Here, Tyree served 204 days at a community treatment center pursuant to separate pretrial release orders issued by each of the two courts under whose judgments he was concurrently serving time. Although Tyree had received credit against the five-year sentence imposed in the Northern District of California, he had not received credit against the eight-year sentence imposed in the District of Utah. Therefore, Tyree's actual time spent in prison on his sentences was not reduced when he received credit only against the sentence imposed in the Northern District of California. Accordingly, because Tyree is entitled to meaningful credit against his sentences for the time he spent in pretrial custody, the district court properly granted Tyree credit against the sentence imposed in the District of Utah. Therefore, the district court did not abuse its discretion in denying Taylor's motion for reconsideration. *See Brown,* 895 F.2d at 536.

AFFIRMED.[3]

---

**3.** Tyree's request for sanctions against Taylor is denied.