Thomas F. **MILLS**, Petitioner–Appellee,

v.

Larry F. **TAYLOR**, Warden, Respondent–Appellant.

No. 91–55362.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 3, 1992.

Decided June 26, 1992.

Joseph A. Brandolino, Asst. U.S. Atty., Los Angeles, Cal., for respondent-appellant.

E. Susie Wendorff, Charles D. Weisselberg, Michael J. Brennan, Dennis E. Curtis, Post–Conviction Justice Project, University of Southern California Law Center, Los Angeles, Cal., for petitioner-appellee.

Before POOLE, BRUNETTI and FERNANDEZ, Circuit Judges.

POOLE, Circuit Judge:

## I.

From March 22, 1989 to November 6, 1989, appellee Thomas F. Mills resided at the Independence House, a community treatment center (Center) in Denver, Colorado, following his arrest in Colorado on drug charges. Mills was placed in the custody of the Center as a condition of release pending trial and sentencing. On October 6, 1989, Mills was sentenced in the district of Colorado to a term of imprisonment of 30 months and a three-year term of supervised release.

Mills began service of his sentence at the Federal Prison Camp in Boron, California on November 6, 1989. On July 16, 1990, he filed his first petition for writ of habeas corpus, seeking credit against his sentence for the time spent at the Center. This petition was dismissed without prejudice, however, to allow Mills to exhaust his administrative remedies with the Bureau of Prisons (BOP). The BOP denied the re-

quest for credit.[1] On January 15, 1991, Mills' second petition was granted, and the appellant was ordered to award Mills jail time credit for the time spent at the Center prior to sentencing. The government appeals the grant of the petition for writ of habeas corpus. We affirm.

## II.

Until 1987, credit for time served prior to sentencing was governed by 18 U.S.C. § 3568, which required that a convict receive "credit toward service of his sentence for any days spent in custody in connection with the offense or acts for which sentence was imposed." In *Brown v. Rison*, 895 F.2d 533 (9th Cir.1990), we were called upon to decide whether time spent in a community treatment center was time "in custody" for purposes of section 3568. In the absence of an express statutory definition of "in custody," we interpreted the phrase in light of its "ordinary and obvious meaning." *Id.* at 536. We concluded that, to a normal English speaker, the "plain meaning and the obvious intent" of the term "in custody" would encompass circumstances where restraints on liberty "approach[ ] those of incarceration." *Id.*

Section 3568, however, was repealed effective November 1, 1987, and replaced with 18 U.S.C. § 3585, which provides that:

A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences....

18 U.S.C. § 3585(b). The government argued before the district court that "official detention," unlike the phrase "in custody," was a term defined by Congress to exclude time spent while residing at a community treatment center as a condition of release. In addition, the government urged deference to the BOP's interpretation of section 3585(b), which would also preclude the crediting of time served while at a community treatment center. The district court held that "custody" and "official detention" are essentially synonymous, and that therefore appellee was entitled to receive credit for time served at the Center.

## III.

We review *de novo* the district court's interpretation of federal statutes. *United States v. Schiffbauer*, 956 F.2d 201, 202 (9th Cir.1992). The grant of a habeas petition is also reviewed *de novo*. *Camacho v. White*, 918 F.2d 74, 77 (9th Cir.1990).

The government argues that section 3585 must be interpreted in light of the whole of the Comprehensive Crime Control Act of 1984, Pub.L. No. 98–473, 98 Stat.1976 (1984). Chapter I of that Act, as the government notes, begins by differentiating between release and detention: "A judicial officer ... shall order that an arrested person who is brought before him be released or detained, pending judicial proceedings, pursuant to the provisions of this chapter." Pub.L. No. 98–473, § 203, 98 Stat.1976 (codified at 18 U.S.C. § 3141(a)). The government's position is that "official detention" as used in section 3585 is to be understood as detention ordered by a judicial officer pursuant to sections 3141–3156.[2]

■ We reject the government's reading of the statute. It is not at all apparent that the use of "detention" in the context of the provisions dealing with pretrial release and detention was intended by Congress to serve as a definition of "official

---

1. The BOP held, and the government in the proceedings before the district court argued, that Mills was not entitled to credit since he had been sentenced outside of the Ninth Circuit, rendering *Brown v. Rison*, 895 F.2d 533 (9th Cir.1990), inapplicable. We do not address this issue, however, as the government has not raised it on appeal.

2. At least one other circuit has apparently accepted this reading of section 3585. *See United States v. Becak*, 954 F.2d 386, 388 (6th Cir.), *cert. denied*, —— U.S. ——, 112 S.Ct. 2286, 119 L.Ed.2d 211 (1992). For the reasons discussed

detention" as used in section 3585. We do not dispute that section 3585 should be construed in terms of the Act as a whole.[3] But the government reads too much into the coincidence of terminology. As was the case with the provision interpreted in *Brown,* Congress has failed to provide an explicit definition of the term "detention." And, as in *Brown,* it appears from a reading of the Act as a whole that Congress was employing "detention" in its ordinary and obvious sense, rather than tacitly establishing a technical definition.

■ We note that the words "detention" and "custody," to a normal English speaker, are essentially synonymous. Indeed, "detention" is commonly defined as "[k]eeping in custody." IV *Oxford English Dictionary* 545 (2d ed. 1989); *see also Webster's Third New International Dictionary* 616 (1966) (detention defined as "holding in custody"). It is therefore not surprising that we find Congress using "detention" and "custody" interchangeably, even in the provisions relied upon by the government for their proposed interpretation of "detention." *See, e.g.,* 18 U.S.C. § 3142(f)(2)(B) ("During a continuance, the person shall be *detained,* and the judicial officer ... may order that, while *in custody,* a person who appears to be a narcotics addict receive a medical examination"); 18 U.S.C. § 3142(i)(2) ("In a *detention* order ... the judicial officer shall ... direct that the person be committed to the *custody* of the Attorney General") (emphasis supplied). The legislative history of section 3585 even goes so far as to substitute "custody" for "detention" in its discussion of that provision:

> Subsection (b) [of section 3585] provides that the defendant will receive credit towards the sentence of imprisonment for any time he has spent in official *custody* prior to the date the sentence was imposed. . . .

S.Rep. No. 225, 98th Cong., 2d Sess. 4 (1984), *reprinted in* 1984 U.S.C.C.A.N. 3182, 3312 (emphasis supplied). We thus conclude that Congress intended no change in meaning when it substituted "detention" for "custody."

We are cognizant of the Supreme Court's holding in *United States v. Wilson,* —— U.S. ——, 112 S.Ct. 1351, 117 L.Ed.2d 593 (1992). There, the Court indicated that we are to presume that Congress intended a change when it "entirely rewrote § 3568 [and] changed it to its present form in § 3585(b)." *Id.* 112 S.Ct. at 1355. The Court even suggested in dicta that the change in terminology from "custody" to "official detention" was a significant alteration. *Id.* Having reviewed the revised statute, however, we believe that the real purpose behind the alteration of section 3568 was to make "clear that a defendant could not receive a double credit for his detention time," and to "enlarge[ ] the class of defendants eligible to receive credit." *Id.* at 1356. In any event, we join several other circuits in holding that no substantive change was intended by Congress when it replaced "custody" in section 3568 with "detention" in section 3585. *See Pinedo v. United States,* 955 F.2d 12, 13–14 (5th Cir. 1992) (Reviewing cases from other circuits and joining them in holding that "there is no meaningful distinction between 'in custody' and 'official detention'").

■ We must therefore conclude that the BOP's interpretation of section 3585 is unreasonable in that it disallows credit for time spent in a community treatment center while awaiting trial and sentencing. We follow *Brown* in holding that when conditions of release approach those of incarceration, a person is in "official detention" for purposes of section 3585. *See also Grady v. Crabtree,* 958 F.2d 874 (9th Cir.1992); *cf. United States v. Freeman,*

in this opinion, we decline to follow this approach.

**3.** *See* 2A N. Singer, *Sutherland on Statutory Construction* § 46.05 (5th ed. 1992) ("A statute is passed as a whole and not in parts or sections and is animated by one general purpose and intent. Consequently, each part or section should be construed in connection with every other part or section so as to produce a harmonious whole. Thus, it is not proper to confine interpretation to the one section to be construed.").

922 F.2d 1393 (9th Cir.1991) (denying credit for time spent on pretrial probation).

To paraphrase *Brown*, confinement to a treatment center "fall[s] convincingly within both the plain meaning and the obvious intent" of "official detention" as it is used in section 3585.   895 F.2d at 536.   The district court therefore did not err in awarding Mills credit for time served while detained at the Center.

AFFIRMED.