972 F.2d 1343
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Michael Anthony BARKER, Defendant-Appellant.
 No. 91-30221.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 7, 1992.*
Memorandum filed May 12, 1992.
Decided July 27, 1992.
Memorandum withdrawn July 27, 1992.
 
 1
 Before WALLACE, Chief Judge, GOODWIN, Circuit Judge, and LEVI, District Judge.**
 
 
 2
 MEMORANDUM***
 
 
 3
 Appellant Michael Anthony Barker pleaded guilty to one count of bank robbery under 18 U.S.C. § 2113(a). Although § 2113(a) provides a maximum penalty of 20 years in prison, Barker asserts that the maximum sentence he could receive for this offense is 12 years under 18 U.S.C. § 3581(b). He appeals from the district court's sentence of 189 months. We have jurisdiction over this timely appeal under 28 U.S.C. § 1291. We affirm.
 
 
 4
 The issue presented is a legal question subject to de novo review. United States v. Keene, 933 F.2d 711, 712 (9th Cir.1991).
 
 
 5
 Barker argues that the maximum sentence for bank robbery is twelve years under 18 U.S.C. §§ 3559 and 3581(b). Under § 3559(a)(3), bank robbery is classified as a Class C felony, because it is an offense which is not specifically classified by letter grade and bears a maximum sentence of "less than 25 years but ten or more years." Barker reasons that since the authorized maximum term of imprisonment for a class C felony is twelve years under 18 U.S.C. § 3581(b)(3), twelve years is the maximum term for bank robbery despite Congress's provision for a maximum sentence of twenty years in § 2113(a).
 
 
 6
 This argument ignores 18 U.S.C. § 3559(b), which provides:
 
 
 7
 An offense classified under subsection (a) carries all the incidents assigned to the applicable letter designation, except that the maximum term of imprisonment is the term authorized by the law describing the offense.
 
 
 8
 Id. § 3559(b) (emphasis added). This language could scarcely be clearer. Under its terms, the maximum sentence under 18 U.S.C. § 2113(a) is that prescribed in the section describing the offense--twenty years imprisonment.
 
 
 9
 We recently rejected the same argument advanced here by Barker in United States v. Schiffbauer, 956 F.2d 201 (9th Cir.1992). Schiffbauer held that the maximum sentence for bank robbery is 20 years under § 2113(a) rather than 12 years as a Class C offense under § 3581(b). See also United States v. LaFleur, 952 F.2d 1537 (9th Cir.1991) (holding that § 3581 was not intended to modify established statutory sentences). The Second and Third Circuits similarly reject the argument Barker proffers. See United States v. Gonzalez, 922 F.2d 1044, 1050 (2nd Cir.1991) (assignment of letter classification to existing statutory offenses does not require the imposition of a sentence according to the letter classification of § 3581); United States v. Donley, 878 F.2d 735 (3rd Cir.1989) (holding that § 3581 applies only to offenses for which Congress assigns a letter in the statute creating the offense).[1]
 
 
 10
 For the reasons stated in Schiffbauer and because Congress has not yet enacted a letter-grade system of offenses, "s 3581 is inapplicable to the existing bank robbery offense." Schiffbauer, 956 F.2d at 203.
 
 
 11
 For similar reasons we reject Barker's second argument that 28 U.S.C. § 994(h) requires that he be sentenced to a term of no more than 12 years. Section 994(h) provides, in relevant part, that the Sentencing Commission should "assure that the [career offender] guidelines specify a sentence to a term of imprisonment at or near the maximum term authorized." Barker contends that the phrase "maximum term authorized" in § 994(h) refers to the maximum term in 18 U.S.C. § 3581(b) rather than to the statutory maximum in the law describing the offense. Barker concludes that the career offender provision of the United States Sentencing Commission, Guidelines Manual § 4B1.1 (Nov.1990), violates § 994(h) because it does not rely on § 3581(b).
 
 
 12
 There is no merit to this reasoning. Section 994(h) refers to the "maximum term authorized." As discussed in the preceding section, the "maximum term of imprisonment is the term authorized by the law describing the offense." 18 U.S.C. § 3559(b). The authorized terms in 18 U.S.C. § 3581(b) only become relevant if Congress assigns a letter designation within the statute creating the offense.[2] Thus, the Sentencing Guideline correctly concludes that the language "maximum term authorized" in § 994(h) refers to the statutory maximum in the law describing the offense. See § 4B1.1, Comment. There is no inconsistency between a natural reading of the language in § 994(h) and Sentencing Guideline § 4B1.1.
 
 
 13
 A fair consideration of the legislative history also provides no support for Barker's contention. Barker quotes a footnote from the Senate Report concerning § 994(h) that refers to the maximum sentences set forth in § 3581(b). S.Rep. No. 225, 98th Cong., 1st Sess. 114, n. 269 (1983). In context, the reference suggests no more than that § 994(h) refers to the maximum sentences in § 3581(b) when the statute creating the offense contains a letter classification.
 
 
 14
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument pursuant to Fed.R.App.P. 34(a) and 9th Cir.R. 34-4
 
 
 **
 David F. Levi, United States District Judge for the Eastern District of California, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The recent Supreme Court decision in United States v. R.L.C., 112 S.Ct. 1329 (1992), is not to the contrary. In R.L.C., the Court interpreted 18 U.S.C. § 5037(c)(1)(B), which provides that the maximum term of imprisonment for certain juvenile offenders is the term that "would be authorized if the juvenile had been tried and convicted as an adult." The Court held that this language referred to the sentence an adult offender would receive under the Sentencing Guidelines and not to the statutory maximum sentence. The Court had no occasion to rule on the argument that § 3581 sets maximum sentences for all crimes. However, language in the opinion is consistent with our holding here. See R.L.C. 112 S.Ct. at 1337 ("the system of classifying by letter grades adopted in 1984 was only to be used in future legislation defining federal criminal offenses"). See also United States v. R.L.C., 915 F.2d 320, 325-26, n. 3 (8th Cir.1990) (stating as uncontested "that no matter what letter classification an offense is given, the maximum term of imprisonment a judge can impose is the term listed in the statute defining the offense")
 
 
 [2]
 Barker also suggests that the phrase "categories of defendants" as used in 28 U.S.C. § 994(h) refers to the classifications in 18 U.S.C. § 3581(b). The term "categories of defendants" is used throughout § 994 to refer to defendants who will be treated in the same fashion by the guidelines. See 28 U.S.C. § 924(b)(1), (d), and (i). The term does not refer to the classification system in 18 U.S.C. § 3581(b)