990 F.2d 1255
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Joe BEGAY, Jr., Petitioner-Appellant,
v.
Joel KNOWLES, Warden, Respondent-Appellee.
 No. 92-16389.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 12, 1993.*
Decided March 23, 1993.
 
 Before WILLIAM A. NORRIS, CYNTHIA HOLCOMB HALL and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Federal prisoner Joe Begay appeals pro se from the district court's denial of his petition for a writ of habeas corpus under 28 U.S.C. § 2241. Begay raises the question whether the district court erred in denying him credit against his sentence for time spent in a treatment facility as a condition of pretrial release. Following clear Ninth Circuit authority, we hold that the district court did so err, and therefore reverse and remand to the district court with instructions to grant the writ.
 
 
 3
 Begay contends that pursuant to this court's decision in Brown v. Rison, 895 F.2d 533 (9th Cir.1990), he should receive credit against his sentence for 146 days he spent full-time in the Phoenix Indian Rehabilitation Center. The government argues that Brown is inapplicable because that decision interpreted the meaning of "custody" for purposes of calculating credit under the former 18 U.S.C. § 3568. The government points out that 18 U.S.C. § 3585, which replaced section 3568, applies to this case, and that the newer statute provides for credit for time spent in "official detention." The government asserts that time spent in a treatment center does not constitute "official detention," and relies for support on the distinction between detention and conditional release drawn in 18 U.S.C. § 3142(e), as well as on the Bureau of Prisons' ("BOP") interpretation of section 3585.
 
 
 4
 The government's arguments are unavailing. In Mills v. Taylor, 967 F.2d 1397 (9th Cir.1992), we affirmed the district court's grant of credit under section 3585 for time spent at a community treatment center as a condition of pretrial release. We concluded that Congress intended no change in meaning when it substituted "official detention" for "custody", and that Brown, therefore, is binding authority for cases to which section 3585 applies. Id. at 1400. We also rejected the government's argument in Mills that Congress intended "detention" as used in 18 U.S.C. §§ 3141-3156 to have the same meaning as "official detention" in section 3585. Furthermore, just as we found in Brown that the BOP's interpretation of former section 3568 is unreasonable, 895 F.2d at 536, we found in Mills that the BOP's interpretation of section 3585 is unreasonable. Mills, 967 F.2d at 1400.
 
 
 5
 Following Brown and Mills, we conclude that the district court erred in refusing to grant Begay credit against his sentence for time spent at a treatment center as a condition of pretrial release.
 
 
 6
 REVERSED AND REMANDED.
 
 
 
 *
 This panel unanimously agrees that this case is appropriate for submission without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3