996 F.2d 1229
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Willie Clyde MOORE, Defendant-Appellant.
 No. 92-10064.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 8, 1992.*
 Decided June 24, 1993.
 
 Before POOLE, FERNANDEZ and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 A federal grand jury indicted William Clyde Moore ("Moore") for two counts of bank robbery in violation of 18 U.S.C. § 2113(a). Moore subsequently pled guilty to both counts and was sentenced to 168 months in prison followed by thirty-six months of supervised release.
 
 
 3
 The district court sentenced Moore as a career offender using his prior state conviction for the sale of narcotic drugs as one of the predicate offenses. Moore appeals the sentence arguing that the district court erred in using his prior state conviction as the basis for career offender status. Alternatively, he claims that if the career offender provision was correctly applied, his sentence exceeds the maximum allowed under 18 U.S.C. § 3581 for a Class C felony. We affirm.
 
 I.
 CAREER OFFENDER STATUS
 
 4
 Moore argues that the Sentencing Commission ("Commission") exceeded its delegated authority by permitting prior state convictions to serve as predicate offenses for career offender status. We review de novo the district court's interpretation of the Sentencing Guidelines. United States v. Blaize, 959 F.2d 850, 851 (9th Cir.), cert. denied, 112 S.Ct. 2954 (1992). In reviewing the Commission's interpretation of the underlying statute, we must determine whether the Sentencing Guideline is "sufficiently reasonable" in light of the congressional directive to the Commission. United States v. Nelson, 919 F.2d 1381, 1382 (9th Cir.1990). Finally, we review the district court's factual findings during sentencing for clear error. United States v. Chapnick, 963 F.2d 224, 226 (9th Cir.1992).
 
 
 5
 Our decision in a related case, United States v. Rivera, No. 92-10063, slip op. at ---- (9th Cir. ____, 1993), prevents Moore's success on appeal. In Rivera, we upheld the Commission's interpretation of § 994(h)(2)(B) allowing prior state convictions to serve as the basis for career offender status. Id. at ----. We held that such an interpretation was "sufficiently reasonable" in light of the congressional directive. Id. at ----. Therefore, we reject Moore's argument and affirm the district court's application of the career offender provision.
 
 
 6
 Moore's contention that the rule of lenity applies in this case is also without merit. As we stated in Rivera, the rule of lenity does not apply in the face of an unambiguous Sentencing Guideline. Id. at ----. We declined to apply the rule of lenity in Rivera because § 4B1.2 is not ambiguous. Id. at ----. We reach the same conclusion here.
 
 II.
 MAXIMUM SENTENCE
 
 7
 Moore agrees that the career offender statute mandates "a term of imprisonment at or near the maximum term authorized." 28 U.S.C. § 994(h). He argues, though, that the maximum term is authorized by 18 U.S.C. § 3581 which sets the maximum term at twelve years for a Class C felony. Thus, he contends, because bank robbery is a Class C felony, the district court erred in sentencing him to 168 months (fourteen years).
 
 
 8
 The district court's sentence and interpretation of federal statutes is reviewed de novo. United States v. Schiffbauer, 956 F.2d 201, 202 (9th Cir.), cert. denied, 113 S.Ct. 274 (1992).
 
 
 9
 We reject Moore's argument. In Schiffbauer we held that because Congress did not designate a letter classification in the robbery statute (18 U.S.C. § 2113(a)), § 3581(b) does not apply to the bank robbery offense. Id. at 203. Section 3559(b) applies to a statute such as the bank robbery statute which includes a maximum sentence within its terms. Id. Moore was sentenced to 168 months (fourteen years) in prison, less than the maximum twenty-year term authorized by § 2113(a). Therefore, the district court did not err in fixing his sentence at fourteen years.
 
 
 10
 AFFIRMED.
 
 POOLE, Judge, dissenting:
 I.
 
 11
 William Moore was convicted of two counts of bank robbery. Taking into account Moore's prior state court conviction for two sales of half a gram or less of heroin, the district judge deemed Moore a career offender. The judge was then forced to sentence Moore to a minimum of fourteen years in prison, despite his stated desire to give Moore a shorter term. Without the career offender enhancement, Moore's sentence would have been seven to nine years.
 
 
 12
 As I explain in detail in the related case decided today, United States v. Rivera, --- F.2d ----, ---- - ---- (9th Cir.1993) (Poole, J., dissenting), in relying on prior state convictions, the career offender Sentencing Guidelines exceeded their statutory mandate. Consequently, I dissent from the majority's decision. I would remand this case for resentencing consistent with 28 U.S.C. § 994(h), the career offender statute.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3