UNITED STATES of America, Plaintiff,

v.

William Harvey NEWMAN, Defendant.

William Harvey NEWMAN, Petitioner,

v.

Joseph H. CRABTREE, Warden of Federal Corrections Institution, Sheridan, Oregon, Respondent.

Nos. CR 89–98–BU, CV 93–966–BU. Civ. No. 93–659–BU.

United States District Court, D. Oregon.

Sept. 10, 1993.

Jack C. Wong, U.S. Atty., D. of OR, Kenneth C. Bauman, Asst. U.S. Atty., Portland, OR, for plaintiff United States in CR 89–98, defendant Crabtree in CV 93–966.

Paul S. Petterson, Portland, OR, for defendant Newman in CR 89–98, plaintiff Newman in CV 93–966.

## OPINION AND ORDER

JAMES M. BURNS, Senior District Judge.

These related matters are before me on defendant's motion to correct sentence under 28 U.S.C. § 2255 (# 63) in the criminal case CR 89–98–BU, and on his petition for a writ of habeas corpus under 28 U.S.C. § 2241 in the civil case CV 93–966–BU. Both matters have been fully briefed and argued. I deny relief in both cases.

## BACKGROUND

Defendant acted as the getaway driver for a bank robbery. He entered a conditional plea of guilty to one count of Armed Bank Robbery.[1]

On April 2, 1990, I sentenced defendant to serve 37 months in prison followed by three years of supervised release. I achieved that sentence under the Sentencing Guidelines (USSG) based on Offense Level 16 and Criminal History Category IV, which produced a range of 33 to 41 months.[2]

Defendant began serving the supervised release term on December 4, 1991. On May 8, 1992, I modified the conditions of supervised release to require defendant to reside and participate in an in-patient drug treatment program at a Community Treatment Center (CTC). Defendant served 126 days at two CTCs, Alpha House and Oregon Halfway House, during 1992.

On June 3, 1993, I found that defendant had violated the terms of his supervised release by using controlled substances and providing false information to a police officer. I revoked his supervised release. On June 8, 1993, I imposed sentence. I found defendant's conduct constituted a Grade C violation under U.S.S.G. § 7B1.1(a)(3). For imprisonment upon revocation, I applied a range of six to twelve months, based on a Criminal History Category IV determined at the time defendant was initially sentenced. I achieved a sentence of nine months in prison.

Defendant requested that the Bureau of Prisons (BOP) award him credit against the nine month sentence for the 126 days he served in CTCs. The BOP has refused.

## DISCUSSION

### I. MOTION TO CORRECT SENTENCE

Defendant's theory on his motion to correct sentence has initial appeal but does not bear up under scrutiny. He contends that his sentence of 37 months was erroneously based on Criminal History Category IV when Category III should have been used.[3] As a result, he contends that he served more time than he should have on the bank robbery charge.[4] For the purposes of this motion, I accept his theory to this point.

Next he contends that the extra time he served on the bank robbery charge should now be applied against his separate new

1. Defendant pled guilty under Rule 11(a)(2), reserving the right to appeal my adverse rulings on suppression motions.

2. Defendant did not seek review of the sentence I imposed. The Court of Appeals affirmed my suppression rulings on November 16, 1990.

3. Defendant had received sentences of probation on three prior unrelated state criminal charges. On July 5, 1984, in a single hearing, the Multnomah County Circuit Court revoked all three probation sentences and imposed a sentence of one year in jail on each, to be served concurrently. At the time of sentencing *U.S. v. Gross*, 897 F.2d 414 (9th Cir.1990) held non-binding that portion

of Application Note 3 to USSG § 4A1.2 which said to treat unrelated cases that were consolidated for sentencing as a single sentence when calculating criminal history. Accordingly, I treated the three unrelated probation sentences that were revoked as separate sentences for criminal history purposes.

4. Defendant apparently concedes that the sentence I imposed was not legally erroneous under then prevailing case law. That concession is his response to the government's claim of waiver. *Gross* represented the prevailing law in this Circuit until September 1991.

sentence for violating conditions of supervised release. I am satisfied that the relief he seeks is not available under 28 U.S.C. § 2255.

■ Supervised release is a separate sentence authorized by 18 U.S.C. § 3583 to be added to any term of imprisonment. *United States v. Thompson*, 972 F.2d 344 (4th Cir. 1992) (unpublished disposition). Thus, a term of imprisonment imposed for violation of the terms of supervised release is a separate sentence from the term of imprisonment imposed for the underlying offense.

■ Section 2255 authorizes a prisoner to challenge the sentence under which he is in custody. 28 U.S.C. § 2255. It does not authorize him to challenge an earlier sentence after his term of custody has expired; nor can he apply time served in error on an earlier sentence as prepaid credit against a future term of imprisonment. Accordingly, the legal error defendant asserts against his sentence on the underlying charge cannot be the basis of relief under Section 2255 from his separate revocation sentence.

It is unfortunate that the change in the law at the base of defendant's claim of error came too late for him to derive any benefit.[5] Section 2255 offers no remedy for such unlucky situations.

■ To the extent defendant's motion asserts that I erred when I imposed nine months in prison for violation of release conditions, I deny it as well. Assuming Criminal History Category III applies to the Grade C Violation I found, the applicable guideline range is five to 11 months under U.S.S.G. § 7B1.4(a). I find that the nine month sentence I imposed is an appropriate sentence within the applicable guideline range.

Accordingly, defendant's motion to modify his sentence under 28 U.S.C. § 2255 must be denied.

## II. PETITION FOR WRIT OF HABEAS CORPUS

■ A convicted federal defendant is entitled under 18 U.S.C. § 3585(b) to receive credit for certain time served in official detention before his sentence begins.[6] Defendant/petitioner contends he is entitled to credit for the 126 days he served in CTCs while on supervised release following completion of his sentence of imprisonment, the credit to be applied against his revocation sentence.

Section 3585(b) provides:

A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences—

(1) as a result of the offense for which the sentence was imposed; ...

that has not been credited against another sentence.

I find the cases relied upon by defendant/petitioner, under either Section 3585(b) or its pre guidelines predecessor Section 3568, to be of little assistance. Each involves pre-sentence detention. Each addresses credit for time served either before sentence was imposed[7] or during a term of probation while execution of sentence was suspended.[8]

---

**5.** *Gross* was overruled in September 1991 by *U.S. v. Anderson*, 942 F.2d 606, 614 n. 5 (9th Cir. 1991) (en banc) and *U.S. v. Palmer*, 946 F.2d 97, 98 (9th Cir.1991). Defendant began serving his supervised release term barely three months later on December 4, 1991.

**6.** The sentencing court is not authorized to award such credit at sentencing; the Attorney General, through the BOP, has the responsibility for computing and awarding the credit. *U.S. v. Wilson*, — U.S. —, 112 S.Ct. 1351, 117 L.Ed.2d 593 (1992). When the BOP improperly applies section 3585(b), the convicted defendant must petition for writ of habeas corpus, as defendant/petitioner has here. *See Mills v. Taylor*, 967

F.2d 1397 (9th Cir.1992); *U.S. v. Mori*, 798 F.Supp. 629, 632 (D.Hawaii 1992).

**7.** *E.g. Tyree v. Taylor*, 965 F.2d 773 (9th Cir. 1992) (pretrial detainee); *Mills v. Taylor*, 967 F.2d 1397 (9th Cir.1992) (pretrial detainee); *Brown v. Rison*, 895 F.2d 533 (9th Cir.1990) (same); *U.S. v. Mori*, 798 F.Supp. 629 (D.Hawaii 1992) (same).

**8.** *E.g. Grady v. Crabtree*, 958 F.2d 874 (9th Cir. 1992) (detained as a condition of probationary term while execution of sentence to prison term suspended); *Dougherty v. Crabtree*, 812 F.Supp. 1089 (D.Or.1991), *aff'd*, 981 F.2d 1258 (9th Cir. 1992) (same).

The cases cited by the government are equally unhelpful. Neither side has cited any case, nor have I found any, which addresses the issue before me—credit for time served as a condition of supervised release after completion of a term of imprisonment. Therefore, I engage in the following unassisted analysis.

Assuming Section 3585(b) applies in this setting [9], for defendant to receive credit, (1) his 126 CTC days must have been "official detention", (2) he must have served the CTC time prior to the commencement of his sentence, (3) he must have spent the time in CTCs as a result of the offense for which the sentence was imposed, and (4) he must not have received credit for the 126 days against any other sentence.[10]

The parties do not dispute that the conditions and restrictions at the two CTCs approached incarceration and amounted to "official detention" for the purposes of section 3585(b).[11] Nor is there any assertion that defendant/petitioner has received credit against another sentence for the CTC time.

Therefore, I focus on parts (2) and (3) of the 3585(b) analysis: whether defendant/petitioner's time in official detention at the CTCs was "prior to the date the sentence commence[d]" and whether it was "a result of the offense for which the sentence was imposed".

I am persuaded by defendant/petitioner's argument that the pertinent sentence for this analysis is the revocation sentence rather than the sentence on the underlying charge which he has already completed. The only reasonable interpretation is that the term "sentence" in Section 3585(b) refers to the sentence against which credit for prior custody is sought. Thus, defendant/petitioner's time in official detention at the CTCs was prior to the date the sentence commenced.

I am equally persuaded that the term "offense" refers to the conduct for which the pertinent sentence was imposed; in this case the pertinent sentence was imposed for the conduct which I found in violation of conditions of supervised release on June 3, 1993. Clearly, the time defendant/petitioner served in official detention at the CTCs in 1992 could not reasonably be construed to be "a result" of the conduct for which his release was revoked in 1993. Accordingly, the petition must fail.

## CONCLUSION

Based on the foregoing, in the criminal case *United States v. Newman*, CR 89–98–BU, defendant's motion to correct sentence (# 63) is DENIED, defendant's motion for release (# 81) is DENIED, defendant's motion to consolidate (# 79) is DENIED, and defendant's motion to expedite is GRANTED to the extent my consideration of these matters has been expeditious and is DENIED to the extent it has not. In the civil case *Newman v. Crabtree*, CV 93–966–BU defen-

---

9. I am almost persuaded by the government's argument that Section 3585(b) simply does not speak to the issue of credit for time served on supervised release following the completion of a sentence of imprisonment. On its face, Section 3585(b) restricts its reach to time spent in detention *before* commencement of the sentence. The topic of credit for time served while on supervised release is addressed only in 18 U.S.C. § 3583(e)(3), which authorizes the court to revoke supervised release and to withhold credit for time previously served on post-release supervision. However, the reference to section 3585(b) in U.S.S.G. § 7B1.3(e) raises some doubt. Given the result I reach, it is unnecessary for me to delve deeply into the meaning of this reference. I also decline the government's invitation to attempt to clarify the meaning of U.S.S.G. § 7B1.5(b).

10. By contrast, pre guidelines law allowed credit for any time served in custody so long as it was connected to the offense for which the defendant was sentenced. 18 U.S.C. § 3568 (repealed November 1, 1987) provided:

> The Attorney General shall give any such person credit toward service of his sentence for any days spent in custody in connection with the offense or acts for which sentence was imposed.

11. The term "official detention" in 18 U.S.C. § 3585(b) is essentially synonymous with the term "custody" used in 18 U.S.C. § 3568 (repealed November 1, 1987). *Mills v. Taylor*, 967 F.2d at 1400. Thus, pre guidelines cases such as *Brown v. Rison*, 895 F.2d 533 (9th Cir.1990), *Grady v. Crabtree*, 958 F.2d 874 (9th Cir.1992), and *Dougherty v. Crabtree*, 812 F.Supp. 1089 (D.Or.1991) preclude any argument that time spent in CTCs does not amount to official detention for these purposes.

dant/appellant's petition for writ of habeas corpus is DENIED.

IT IS SO ORDERED.