68 F.3d 481
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
James Bernard RANSOM, Petitioner-Appellee,
v.
Calvin MORTON, Superintendent, Federal Prison Camp, Nellis
Air Force Base, Respondent-Appellant.
 No. 95-15127.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 16, 1995.*
Decided Oct. 19, 1995.
 
 1
 Before: GOODWIN and HAWKINS, Circuit Judges, and FITZGERALD,** District Judge.
 
 
 2
 MEMORANDUM***
 
 
 3
 This is an appeal from the district court's order granting petitioner's petition for writ of habeas corpus brought pursuant to 28 U.S.C. Sec. 2241. For the reasons set forth below, we reverse.
 
 
 4
 Petitioner was serving a state sentence when he was transferred to federal custody pursuant to a writ of habeas corpus ad prosequendum to face federal drug charges. Petitioner was in federal custody approximately four months before he was sentenced to 70 months on the federal charges. The district court recommended that petitioner serve the remainder of his state sentence in federal institutions. Subsequently, the state court ordered that petitioner's state sentence run concurrently with his federal sentence. Petitioner was later paroled on his state sentence but remained in federal custody to serve the remainder of his federal sentence. In calculating his parole, the state credited petitioner for time spent in federal custody pursuant to the writ. Petitioner contends that this time should also be credited toward his federal sentence.
 
 
 5
 18 U.S.C. Sec. 3585(b) provides that a defendant shall be given credit toward his federal sentence for time spent in official detention prior to the commencement date of his federal sentence if the time spent was the result of the federal offense for which he is sentenced and if that time has not been credited toward "another sentence." Petitioner received credit toward his state sentence for time spent in federal custody pursuant to the writ. Consequently, the plain language of the statute precludes the district court from crediting this time toward petitioner's federal sentence. See McClain v. Bureau of Prisons, 9 F.3d 503 (6th Cir. 1993) (defendant not entitled to credit toward his federal sentence for time spent in federal custody prior to sentencing on federal charges to the extent that the state had credited that time toward defendant's state sentence).
 
 
 6
 Tyree v. Taylor, 965 F.2d 773 (9th Cir. 1992), is inapposite because it did not involve interpretation of Sec. 3585(b) but instead involved the interpretation of the precursor to Sec. 3585(b), which did not preclude a defendant from receiving credit for time served prior to sentencing when that time had been credited toward another sentence.
 
 
 7
 REVERSED.
 
 
 
 *
 The panel finds this case appropriate for submission without oral argument pursuant to Fed. R. App. P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 Honorable James M. Fitzgerald, Senior United States District Judge for the District of Alaska, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3