**Mychal Stevens LAHEY,**
**Petitioner–Appellant,**

v.

**C.E. FLOYD, Warden, Respondent–**
**Appellee.**

**No. 92–55511.**

United States Court of Appeals,
Ninth Circuit.

Submitted April 5, 1993 *.

Decided April 27, 1993.

---

* The panel finds this case appropriate for submission without argument pursuant to 9th Cir.R. 34–4 and Fcd.R.App.P. 34(a).

---

Mychal Stevens Lahey, pro se.

Robert T. Scott, Asst. U.S. Atty., Los Angeles, CA, for respondent-appellee.

Before: NOONAN and LEAVY, Circuit Judges, and TANNER, District Judge.**

NOONAN, Circuit Judge:

Mychal Stevens Lahey brought an action of habeas corpus seeking credit against his sentence for time spent on bail under court orders to observe certain conditions of conduct and residence. The district court denied his petition. Finding that the conditions of his bail did not approach those of official custody, we affirm.

---

** The Honorable Jack E. Tanner, United States District Judge for the Western District of Washington, sitting by designation.

## FACTS

Lahey was arrested on September 23, 1988 for possession of cocaine with intent to distribute. The crime charged was committed after November 1, 1987, the effective date of the Comprehensive Crime Control Act of 1989, of which 18 U.S.C. § 3585(b) is a part. Lahey was in custody until October 11, 1988. He was then released on bond pending trial. The conditions of his release were as follows:

1. You shall report to and comply with the rules and regulations of the Pretrial Services Agency;

2. You shall report in person to the Pretrial Services Agency on the first working day following your release from custody;

3. You are released to the third party custody of Timothy Lahey, 592 Michael Lane, Lafayette, California 94549, (415) 283–8023;

4. You are to reside in the residence of Timothy Lahey and not absent yourself from this residence for more than 24 hours without prior approval of the Pretrial Services Officer;

5. Your travel is restricted to the Eastern and Northern Districts of California without prior consent of the Pretrial Services Officer.

6. You shall refrain from excessive use of alcohol, or any use of a narcotic drug or other controlled substance without a prescription by a licensed medical practitioner; and shall notify Pretrial Services immediately of any prescribed medications;

7. You shall participate in a urinalysis testing program as directed by the Pretrial Services Officer;

8. You shall surrender your passport to the Clerk of the U.S. District Court; and

9. You shall reside in the residence of Timothy Lahey between the hours of 10 PM and 6 AM, unless your absence is approved by the Pretrial Services Officer.

10. You shall report to the Pretrial Services Agency by telephone daily between the hours of 8:00 AM and 8:30 AM;

Timothy Lahey was Lahey's brother.

Later, at a date unspecified by Lahey's petition and unestablished in the district court, Lahey was permitted to move from his brother's residence to his own home, where his wife Shawn replaced his brother in the role of monitor. The other conditions of release were unchanged.

Lahey pleaded guilty and was sentenced to incarceration for seven years and three months, to be followed by five years of supervised release. He began serving his sentence on June 26, 1989. He is scheduled for release on October 1, 1995.

Lahey requested the warden of his prison to credit against his sentence the time he had spent on pretrial release. The warden refused. After exhausting his administrative remedies, Lahey filed this petition for habeas corpus, which the district court denied. Lahey appeals.

## ANALYSIS

Under our interpretation of 18 U.S.C. § 3585(b), a defendant is given credit for time "spent in official detention" if the conditions under which the defendant was released from actual incarceration were such that they approached incarceration. *Mills v. Taylor*, 967 F.2d 1397, 1400 (9th Cir.1992). The question to be decided here, therefore, is whether the conditions governing Lahey's release approached such conditions. We hold that they did not.

The conditions regulating Lahey's surrender of his passport; his travel outside of the Eastern and Northern Districts of California; his use of alcohol and his nonuse of narcotics; his compliance with urinalysis testing and other rules and regulations of the Pretrial Services Agency are all conditions comparable to those imposed upon a person on probation. Time on probation does not qualify for credit. *United States v. Freeman*, 922 F.2d 1393, 1397 (9th Cir.1991).

Two restrictions were imposed on Lahey's physical movement. He had to be at his brother's or later his own house from 10 PM to 6 AM and could not be absent from the designated residence for over 24 hours. The restrictions could be waived by a Pretrial Services Officer. Life under such conditions did not approach imprisonment. No serious impairment of Lahey's freedom was involved in making him be indoors during nocturnal

hours of this kind. Granting that his brother played the role of monitor with diligence and that his wife was similarly vigilant, the places of confinement were no prison, but a close relative's and his own house. His brother was no more his keeper than was his wife. Release on bond under such conditions does not approach imprisonment.

**AFFIRMED.**