Barbara E. FRALEY, Petitioner–
Appellant,

v.

UNITED STATES BUREAU OF
PRISONS, et al., Respondents–
Appellees.

No. 93–35066.

United States Court of Appeals,
Ninth Circuit.

Submitted July 21, 1993 *.

Decided Aug. 4, 1993.

---

\* The panel unanimously finds this case suitable for decision without oral argument.   Fed.R.App.P.   34(a);   Circuit Rule 34–4.

Barbara E. Fraley, Spokane, WA, for petitioner-appellant.

James B. Crum, Asst. U.S. Atty., Spokane, WA, for respondents-appellees.

Before: BROWNING, TANG, and NORRIS, Circuit Judges.

PER CURIAM:

Federal prisoner Barbara Fraley appeals the district court's dismissal of her 28 U.S.C. § 2241 petition for writ of habeas corpus. Fraley was convicted of passing counterfeit currency in violation of 18 U.S.C. § 472 and sentenced to ten months' imprisonment followed by two years of supervised release. She seeks credit against her sentence for the seven months she spent under house arrest prior to trial. We have jurisdiction pursuant to 28 U.S.C. § 1291. We affirm.

I

■ While this appeal was pending, Fraley completed her term of imprisonment and was released. However, because our decision could affect her two-year term of supervised release, this case is not moot. *United States v. Smith,* 991 F.2d 1468, 1470 (9th Cir.1993).

II

■ Before petitioning the federal courts for credit for her house arrest, Fraley must first exhaust her administrative remedies through the Bureau of Prisons. *United States v. Checchini,* 967 F.2d 348, 350 (9th Cir.1992) (citing *United States v. Wilson,* ── U.S. ──, ──, 112 S.Ct. 1351, 1354, 117 L.Ed.2d 593 (1992)). Exhaustion is not required if pursuing those remedies would be futile. *Terrell v. Brewer,* 935 F.2d 1015, 1019 (9th Cir.1991). The district court found that while Fraley has not exhausted her adminis-

trative remedies, any further application for an administrative remedy would be futile.

We agree with the district court. Before filing her habeas corpus petition, Fraley filed a "Request for Administrative Remedy" with the Federal Bureau of Prisons. The Community Correctional Office in Spokane, Washington denied her request, citing the official Bureau of Prisons policy that "time spent on home confinement prior to sentencing [does not qualify] as official detention." *See* Federal Bureau of Prisons Program Statement 5880.28, *Sentence Computation Manual* at 1–15 (1992). The Spokane office informed Fraley that if she wished to continue her appeal, she could do so by writing to the Western Regional Office of the Bureau of Prisons. Fraley never did so, and therefore never exhausted her administrative remedies. *See* 28 C.F.R. § 542.15 (inmates must appeal Warden's decision to the Regional Director and then to the General Counsel). However, because the Regional Director would almost certainly have denied her request as well, citing the same official Bureau of Prisons policy, we agree with the district court's conclusion that any further application for administrative remedies would be futile.

III

■ "A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in *official detention* prior to the date the sentence commences ... as a result of the offense for which the sentence was imposed." 18 U.S.C. § 3585(b) (1988) (emphasis added). "[W]hen conditions of release approach those of incarceration, a person is in 'official detention' for purposes of section 3585." *Mills v. Taylor,* 967 F.2d 1397, 1400 (9th Cir.1992). Most of the conditions imposed on Fraley were comparable to those imposed on a person on probation, and time on probation does not qualify for credit. *Lahey v. Floyd,* 992 F.2d 234, 235 (9th Cir.1993). In *Lahey,* we held that a defendant subject to home confinement conditions similar to those imposed on Fraley was not entitled to credit. *Id.* at 235. Fraley's confinement was more restrictive in

**926**

one respect: she was not permitted to leave her house without prior authorization from the probation office, and was required to participate in an electronic monitoring program to ensure that she did not.[1] However, Fraley's confinement was also less restrictive in another respect: Fraley was permitted to live in her own home, while Lahey was required to reside in his brother's residence. Because the overall restrictiveness of these conditions is relatively similar, we follow *Lahey* and hold that the conditions governing Fraley's release did not "approach those of incarceration." Fraley is therefore not entitled to credit for the time she spent under pre-trial house arrest.

### IV

 Fraley finally contends that denying credit for her house arrest would deny her equal protection of the laws, because people with minimum sentences of not more than six months may serve their term of imprisonment in home confinement. She argues that if they "receive credit" for one day of sentence by serving one day of house arrest, then so should she.

We must first determine whether Fraley is "similarly situated" to post-sentence prisoners. *See Cleburne v. Cleburne Living Ctr., Inc.*, 473 U.S. 432, 440, 105 S.Ct. 3249, 3254, 87 L.Ed.2d 313 (1985). We agree with the Tenth Circuit that she is not, because of her different legal status:

> Post-sentence residents have been adjudicated guilty and are serving their sentence at [the halfway house] pursuant to the Attorney General's discretion to determine the conditions of punishment. In contrast, pre-sentence residents are not being punished; they are conditionally released to [the halfway house] to protect the community and assure their presence at trial and sentencing.

United States v. Woods, 888 F.2d 653, 656 (10th Cir.1989), *cert. denied*, 494 U.S. 1006, 110 S.Ct. 1301, 108 L.Ed.2d 478 (1990). *See also United States v. Edwards*, 960 F.2d 278, 284 (2d Cir.1992) (same). A post-sentence prisoner subject to home confinement does not receive "credit" for his house arrest time within the meaning of section 3585(b); his time in home confinement counts toward service of his sentence simply because the Attorney General decided to place him there. Fraley is therefore not "similarly situated" to post-sentence prisoners, and denying her credit for her seven-month house arrest does not violate equal protection.

**AFFIRMED.**

---

1. We note that every circuit that has directly addressed the question of whether home confinement combined with electronic monitoring constitutes "official detention" under section 3585(b) has held that it does not. *See United States v. Edwards*, 960 F.2d 278, 283 (2d Cir. 1992); *United States v. Insley*, 927 F.2d 185, 186 (4th Cir.1991); *United States v. Wickman*, 955 F.2d 592, 593 (8th Cir.1992) (en banc). At least one other circuit has indirectly reached the same result. *See United States v. Zackular*, 945 F.2d 423, 425 n. 2 (1st Cir.1991) (finding "wrongly decided" a district court opinion holding that time spent under house arrest monitored by an electronic bracelet constituted official detention).

