9 F.3d 1553
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Bill Norman THOMPSON, Petitioner-Appellant,
v.
C.E. FLOYD, Warden, Respondent-Appellee.
 No. 93-55012.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 20, 1993.*
Decided Oct. 26, 1993.
 
 Before: BEEZER, KOZINSKI, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Bill Norman Thompson, a federal prisoner, appeals pro se the denial of his 28 U.S.C. § 2241 habeas corpus petition. Thompson contends that the district court erred by denying him credit for time he spent released on bail before he began serving his sentence. We have jurisdiction under 28 U.S.C. § 2253. We review de novo, Grady v. Crabtree, 958 F.2d 874, 874 (9th Cir.1992) (per curiam), and affirm.
 
 
 3
 A federal prisoner who was sentenced before the United States Sentencing Guidelines took effect receives credit toward his sentence for "any days spent in custody in connection with the offense or acts for which the sentence was imposed." 18 U.S.C. § 3568; see 18 U.S.C. § 3585(b) (sentence credit statute applicable to prisoners sentenced under Guidelines); Mills v. Taylor, 967 F.2d 1397, 1400 (9th Cir.1992) ("detention" under § 3585(b) is the same as "custody" under § 3568). A defendant released on bail under standard conditions is not in custody within the meaning of § 3568. United States v. Freeman, 922 F.2d 1393, 1397-98 (9th Cir.1991); see also Fraley v. United States Bureau of Prisons, 1 F.3d 924, 925-26 (9th Cir.1993) (per curiam) (prisoner not entitled to sentence credit under § 3585(b) for time spent on home detention in electronic monitoring program); Lahey v. Floyd, 992 F.2d 234, 235-36 (9th Cir.1993) (prisoner not entitled to credit under § 3585(b) for time spent confined to brother's home with nightly curfew); cf. Brown v. Rison, 895 F.2d 533, 536 (9th Cir.1990) (prisoner entitled to credit under § 3568 for time spent in drug treatment center that required his presence from 7:00 p.m. to 5 a.m. each night).
 
 
 4
 Here, after Thompson's arraignment, he was ordered released on bail subject to the conditions that he surrender his passports; remain within Santa Clara County, California; and avoid San Jose International Airport. Three months later, on June 16, 1987, the district court ordered Thompson released subject to the conditions that he remain in the custody of his friend Eugene L. Hudson and live in Hudson's home, report by telephone each day to the Federal Probation Department, and avoid contact with anyone connected to his prosecution. On September 24, 1987, the district court again changed the conditions of Thompson's release; the court ordered him to remain in Hudson's custody, report to the probation office in person three times per week and by telephone two times per week, observe a curfew from 9:00 p.m. to 7:00 a.m., and continue to avoid contact with anyone connected to his prosecution. Thompson pleaded guilty to conspiracy and methamphetamine distribution on September 27, 1989, and was sentenced on November 2, 1990. He remained released under the final set of conditions until he began serving his sentence in January 1991.
 
 
 5
 Thompson contends that he is entitled to credit for the time he spent in Hudson's custody because his freedom to leave Hudson's home each day resembled work release from prison. This contention lacks merit because a friend's home is "no prison." See Lahey, 992 F.2d at 236 (comparing petitioner's brother's home to prison). Moreover, Thompson was not required to work, and could do as he pleased outside of curfew hours, except for avoiding contact with certain people. Cf. Brown, 895 F.2d at 534, 536 (petitioner required to work and not permitted any other outside contact). Hudson's monitoring of Thompson did not make him equivalent to a prison guard. See Lahey, 992 F.2d at 236 (petitioner's brother not his "keeper"). Accordingly, the district court did not err by denying Thompson sentence credit.
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. We deny appellant's motion for appointment of counsel for purposes of oral argument
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3