17 F.3d 395
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Mark LARUE, Plaintiff-Appellant,
v.
Ken JURGENSON; Philip Hobson; Carl Frank, Sgt.; Sharon
Neel, Defendants-Appellees.
 No. 93-35175.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 20, 1993.*
Decided Jan. 7, 1994.
 
 Before: SNEED, NOONAN, and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Mark LaRue, a Washington state prisoner, appeals pro se the district court's orders dismissing his 42 U.S.C. Sec. 1983 civil rights action pursuant to Fed.R.Civ.P. 12(b)(6) and 28 U.S.C. Sec. 1915(d). We have jurisdiction under 28 U.S.C. Sec. 1291. We review the district court's dismissal for failure to state a claim de novo, Woodrum v. Woodard County, Okl., 866 F.2d 1121, 1124 (9th Cir.1989), and its dismissal as frivolous pursuant to 28 U.S.C. Sec. 1915(d) for an abuse of discretion, Denton v. Hernandez, 112 S.Ct. 1728, 1734 (1992). We affirm.
 
 
 3
 LaRue's mother mailed a money order to another inmate. Consequently, LaRue was charged with three general infractions: (1) Washington Administrative Code (WAC) 137-28-025 (303) (unauthorized use of the mail or telephone); (2) WAC 137-28-025 (351) (giving money to another inmate, except when authorized); and (3) WAC 137-28-025 (400) (attempting to commit or aiding another inmate in committing the above offenses). LaRue was also charged with one serious infraction, WAC 137-28-030 (701) (commission of a general infraction in such a manner likely to result in danger to life or to create a risk to the orderly operation of the institution). LaRue was sentenced to ten days in isolation, although the sentence was suspended for 180 days. LaRue lost his radio and snack bar privileges.[1]
 
 
 4
 Liberally construing LaRue's pro se complaint, he claims that (1) he was denied due process because contrary to WAC guidelines, he was not given adequate notice and description of the serious infraction; (2) there was insufficient evidence to find him guilty of the serious infraction; (3) the termination of his snack bar and radio privileges deprived him of a property interest; and (4) he was denied equal protection.
 
 
 5
 The district court dismissed the first three claims for failure to state a claim. Generally, a dismissal under Rule 12(b)(6) should not be affirmed unless it is clear that the complaint could not be cured by amendment. Kelson v. City of Springfield, 767 F.2d 651, 656 (9th Cir.1985). However, "if it appears to a certainty that the plaintiff would be entitled to no relief under any state of facts that could be proved," the district court may dismiss the complaint without granting an opportunity to amend. Id. at 653.
 
 
 6
 Here, the defendants did give LaRue written notice of the infractions he committed. LaRue argues that the infraction report only listed the infractions, but should have shown the relation of the general infractions to the serious infraction. Specifically, he states that defendant Neel's rule infraction report should have shown how commission of the general infractions were "likely to result in danger to life or limb etc." He goes on to say that "[i]n order to be adequate the [report] must refer to evidence indicating these general infractions were committed in a dangerous manner."
 
 
 7
 These statements indicate that LaRue misconstrues WAC 137-28-030 (701) (commission of a general infraction in such a manner likely to result in danger to life or to create a risk to the orderly operation of the institution) (emphasis added). The rule is in the alternative, and thus, it is not necessary to commit the general infractions in a dangerous manner to be charged with an infraction under section 701.
 
 
 8
 Because the defendants gave LaRue sufficient notice of the infraction to prepare his defense, LaRue was afforded constitutionally sufficient notice. See Wolff v. McDonnell, 418 U.S. 539, 564 (1974) (prisoners accused of infractions must be given advance written notice of the infraction sufficient to inform the "defendant of the charges and to enable him to marshal the facts and prepare a defense").
 
 
 9
 To the extent that LaRue's due process claim is construed as alleging that the defendants' failure to follow WAC guidelines were random and unauthorized acts, his claim also fails because he has adequate postdeprivation remedies available to him. See Zinermon v. Burch, 494 U.S. 113, 115 (1990).
 
 
 10
 LaRue's second claim, that there was insufficient evidence to find him guilty of the serious infraction also lacks merit. In reviewing a decision of a prison disciplinary board, this court assesses only whether there is "some evidence in the record" to support the board's conclusion. See Superintendent v. Hill, 472 U.S. 445, 455 (1985). As the district court found, the board relied on the written report, and LaRue was present at the hearing to submit his side of the case. Hence, there was "some evidence" in the record to support the board's decision. See id.
 
 
 11
 LaRue's claim that the termination of his snack bar, radio, and other privileges denied him of a property interest also lacks merit.
 
 
 12
 Assuming, without deciding, that LaRue has a property interest in these privileges, there was no due process violation. Intentional deprivations of property by state employees do not implicate the due process clause if a meaningful postdeprivation remedy for the loss is available. Hudson v. Palmer, 468 U.S. 517, 533 (1984). The district court did not err in dismissing this claim because there are adequate postdeprivation remedies available to LaRue in the form of prison grievance procedures and state tort remedies. See id. at 533; see also Wash.Rev.Code Sec. 4.92 (actions and claims against state).
 
 
 13
 The district court dismissed LaRue's equal protection claim as frivolous pursuant to 28 U.S.C. Sec. 1915(d). Specifically, LaRue argues that he was denied equal protection because prisoners in the general population do not automatically lose their privileges when they receive an infraction, while prisoners in the Intensive Management Unit (IMU), such as himself, do. LaRue's equal protection claim lacks merit.
 
 
 14
 Frivolous in forma pauperis complaints may be dismissed sua sponte under 28 U.S.C. Sec. 1915(d). Neitzke v. Williams, 490 U.S. 319, 324 (1989). A claim may be dismissed under section 1915(d) as frivolous "where it lacks an arguable basis either in law or in fact." Id.
 
 
 15
 In determining whether a claim is cognizable under the equal protection clause, we must first determine whether LaRue is similarly situated to prisoners in the general population. See Fraley v. United States Bureau of Prisons, 1 F.3d 924, 926 (1993). As an inmate housed in the IMU, he is not. See Hemphill v. Kincheloe, 987 F.2d 589, 591 n. 1 (9th Cir.1993) (IMU houses inmates who present the greatest threat to the orderly and safe operation of the prison, and its special policies and procedures are designed accordingly). Thus, the district court properly dismissed this claim because it lacks an arguable basis in law. See Neitzke, 490 U.S. at 324.
 
 
 16
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Previously, this court remanded this action because it appeared that the district court dismissed the action under an erroneous standard. See LaRue v. Jurgenson, No. 90-35703, unpublished memorandum disposition (9th Cir. June 4, 1992)