28 F.3d 105
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Robert Burdett BUTLER, Plaintiff-Appellant,
v.
Charles L. WOLFF, Jr.; Ronald Weisner; John Fowler,
Defendants-Appellees.
 No. 93-17385.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 21, 1994.*
Decided June 28, 1994.
 
 Before: TANG, PREGERSON, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Robert Burdett Butler, a Nevada state prisoner, appeals pro se the district court's dismissal for failure to state a claim of Butler's 42 U.S.C. Sec. 1983 action alleging that defendants violated his constitutional rights by denying him release on parole. We have jurisdiction under 28 U.S.C. Sec. 1291, and we affirm.
 
 
 3
 We review de novo the district court's dismissal for failure to state a claim pursuant to Fed.R.Civ.P. 12(b)(6). Oscar v. University Students Co-operative Ass'n, 965 F.2d 783, 785 (9th Cir.) (en banc), cert. denied, 113 S.Ct. 655, 656 (1992). Review is limited to the contents of the complaint, and all allegations of material fact are taken as true and construed in the light most favorable to the non-moving party. Buckey v. County of Los Angeles, 968 F.2d 791, 794 (9th Cir.), cert. denied, 113 S.Ct. 599, 600 (1992). Moreover, where the plaintiff is pro se, the court has an obligation to construe the pleadings liberally to afford the plaintiff the benefit of any doubt. Bretz v. Kelman, 773 F.2d 1026, 1027 n. 1 (9th Cir.1985) (en banc). A dismissal should not be upheld unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claims which would entitle him to relief. Buckey, 968 F.2d at 794.
 
 
 4
 In his complaint, Butler alleges that defendants "prison officials deprived him of equal protection of the laws, procedural due process and his right against self-incrimination in considering him for parole release."
 
 
 5
 * Equal Protection
 
 
 6
 To state a claim for violation of the Equal Protection Clause of the Fourteenth Amendment the plaintiff must allege that he was treated differently from other similarly situated persons. City of Cleburne v. Cleburne Living Ctr., 473 U.S. 432, 439 (1985); Fraley v. United States Bureau of Prisons, 1 F.3d 924, 926 (9th Cir.1993) (per curiam).
 
 
 7
 Here, Butler alleges that all prisoners convicted of sex crimes are required to appear before a "psych panel" as part of the parole consideration process. Because Butler does not allege disparate treatment among the similarly situated class of prisoners convicted of sex crimes, he has failed to state an equal protection claim. See City of Cleburne, 473 U.S. at 439; Fraley, 1 F.3d at 926. Butler's claim that he is being treated differently than members of the general prison population also fails because, by his own admission, he received the consideration for parole to which he was entitled. See City of Cleburne, 473 U.S. at 439.
 
 II
 Due Process
 
 8
 "[A] liberty interest may arise from the Due Process Clause or be created by state law." Smith v. Noonan, 992 F.2d 987, 989 (9th Cir.1993). Although a prisoner has no constitutional right to be conditionally released before the expiration of a valid sentence, state early release statutes can create a liberty interest protected by Fourteenth Amendment due process guarantees. See Greenholtz v. Inmates of the Neb. Penal & Correctional Complex, 442 U.S. 1, 7 (1979). State statutes that combine mandatory language, such as "shall" and "must," with substantive predicates create a protected liberty interest. Hewitt v. Helms, 459 U.S. 460, 471-72 (1983). Thus, unless a state statute mandates that parole "shall" be granted following fulfillment of specified requirements, there exists the mere possibility of parole and not a constitutionally protected liberty interest in parole. See Greenholtz, 442 U.S. at 7; Baumann v. Arizona Dep't of Corrections, 754 F.2d 841, 844 (9th Cir.1985).
 
 
 9
 Nevada law specifically provides that the State Board of Parole Commissioners "may" release a prisoner on parole subject to the board's consideration of several factors. Nev.Rev.Stat. Sec. 213.1099. Nevada law also provides that a person convicted of a sex crime may not be paroled absent certification by a specially-designated panel. Id. Sec. 200.375. Finally, the Nevada legislature has declared by statute that "the release ... of a person on parole ... is an act of grace of the state[ ]," and that "[n]o person has a right to parole." Id. Sec. 213.10989.
 
 
 10
 Here, Butler alleges several procedural deficiencies in the consideration of his application for parole. He also alleges that the decision to deny him parole was based solely on the assessment of a "psych panel" and that he was improperly denied the opportunity to refute the panel's decision.
 
 
 11
 Nevada's statutory scheme regarding parole contains no mandatory language requiring a specific outcome in the parole determination. See id. Secs. 213.1099, 213.10989. Rather, the statutory scheme creates a mere possibility of parole release and therefore does not create a protected liberty interest in such release. See id. Sec. 213.1099; Greenholtz, 442 U.S. at 7; Cooper v. Sumner, 672 F.Supp. 1361, 1366-67 (D.Nev.1987). The statutes Butler relies on to support his due process claim do not indicate otherwise. See Nev.Rev.Stat. Sec. 176.095 ("[s]tate board of parole commissioners may direct release of state prisoner on parole" (emphasis added)); Nev.Rev.Stat. Sec. 213.130 (prisoner may apply for parole and parole board may conduct appropriate proceedings); Nev.Rev.Stat. Sec. 213.133 (parole board may delegate authority to hear and act upon parole applications). Accordingly, while Butler's application for parole was entitled to and, by Butler's own admission, received consideration by the parole board, see Nev.Rev.Stat. Sec. 213.130, the district court properly dismissed his claim of due process violations in the parole proceedings. Board of Pardons v. Allen, 482 U.S. 369, 373 (1987); Greenholtz, 442 U.S. at 11; Baumann, 754 F.2d at 844; Severance v. Armstrong, 620 P.2d 369, 370 (Nev.1980) ("NRS 213.1099 does not confer a legitimate expectation of parole release and therefore does not create a constitutionally cognizable liberty interest sufficient to invoke due process").
 
 III
 Right Against Self-Incrimination
 
 12
 The Fifth Amendment protection against self-incrimination protects a prisoner from answering official questions in a prison proceeding " 'where the answers might incriminate him in future criminal proceedings.' " Baxter v. Palmigiano, 425 U.S. 308, 316 (1976) (quoting Lefkowitz v. Turley, 414 U.S. 70, 77 (1973)). "[N]otwithstanding that a defendant is imprisoned ... at the time he makes incriminating statements, if those statements are compelled they are inadmissible in a subsequent trial for a crime other than that for which he has been convicted." Minnesota v. Murphy, 465 U.S. 420, 426 (1984).
 
 
 13
 Here, Butler alleges that he was required to give details of his "offenses" to the "psych panel" as part of its parole determination and that such a requirement violated his right against self-incrimination. Because the information which Butler apparently was required to provide during his parole determination concerned crimes for which he had already been convicted, however, there was no violation of his right against self-incrimination. See id. Accordingly, the district court did not err by dismissing this claim.
 
 
 14
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3