34 F.3d 1075
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Michael G. SPRAGUE, Sr., Defendant-Appellant.
 No. 93-56379.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 23, 1994.*
Decided Aug. 26, 1994.
 
 Before: WALLACE, Chief Judge, HUG and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Michael G. Sprague, Sr. appeals pro se the district court's denial of his 28 U.S.C. Sec. 2255 motion alleging that he was entitled to credit toward his sentence for the time he was released from custody while awaiting his trial and sentencing. Sprague contends that the district court erred by denying his motion based upon lack of jurisdiction, and by finding that the restrictions on his liberty did not approach incarceration. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291, and we affirm.
 
 
 3
 "We review de novo a district court's assumption of jurisdiction." United States v. Peralta, 941 F.2d 1003, 1010 (9th Cir.1991), cert. denied, 112 S.Ct. 1484 (1992).
 
 
 4
 The proper method for challenging the execution of a sentence is through a habeas corpus petition under 28 U.S.C. Sec. 2241, in the district court having jurisdiction over the prisoner or his custodian. See Braden v. 30th Judicial Cir. Ct. of Kentucky, 410 U.S. 484, 494-99 (1973); United States v. Giddings, 740 F.2d 770, 772 (9th Cir.1984). A pro se prisoner's challenge to the duration of his confinement brought erroneously under 28 U.S.C. Sec. 2255 should be construed liberally as a petition for habeas corpus under 28 U.S.C. Sec. 2241. See Tyler v. United States, 929 F.2d 451, 453 & n. 5 (9th Cir.), cert. denied, 112 S.Ct. 142 (1991). If the district court lacks jurisdiction over a petition brought under 28 U.S.C. Sec. 2241, the court shall transfer the petition to any other court "in which the action could have been brought 'if it is in the interest of justice.' " Miller v. Hambrick, 905 F.2d 259, 262 (9th Cir.1990) (quoting 28 U.S.C. Sec. 1631).
 
 
 5
 Sprague brought his 28 U.S.C. Sec. 2255 motion in the district court for the Central District of California. He is currently serving his sentence in federal prison in Nevada. The district court correctly determined that it lacked jurisdiction under 28 U.S.C. Sec. 2255. See United States v. Espinoza, 866 F.2d 1067, 1071 (9th Cir.1988). Moreover, even if the district court had construed Sprague's petition as a habeas corpus petition under 28 U.S.C. Sec. 2241, it lacked jurisdiction because the writ can only issue from the court having jurisdiction over the prisoner or the custodian, which in this case is Nevada. See Braden, 410 U.S. at 494-99. Normally, the district court should have dismissed the petition or transferred the petition to the district court in Nevada. See Miller, 905 F.2d at 262. We find, however, that transferring the petition to Nevada would serve no useful purpose and is not in the interests of justice, because Sprague's claim is frivolous.
 
 
 6
 Sprague is entitled to credit toward his federal sentence for time spent "in official detention," 18 U.S.C. Sec. 3585(b), only if the conditions under which he was released approached incarceration. See Lahey v. Floyd, 992 F.2d 234, 235 (9th Cir.1993). Sprague's conditions of release from custody before he entered prison were less onerous than the conditions in Lahey that we found did not approach incarceration. Id. Finally, Sprague's contention that 18 U.S.C. Sec. 3584 is ambiguous fails both because Sec. 3585 does not prohibit or sanction conduct and because the statute is unambiguous. See United States v. David H., No. 93-50395, slip op. 7445, 7448-49 (9th Cir. July 8, 1994) (void-for-vagueness challenge applicable only to statutes that govern conduct); Mills v. Taylor, 967 F.2d 1397, 1400 (9th Cir.1992) (finding no meaningful distinction between words "detention" and "custody" as relates to new and old versions of Sec. 3585(b)).
 
 
 7
 Given the disposition of this appeal, we need not address the government's claim, raised for the first time on appeal, that Sprague failed to exhaust his administrative remedies.
 
 
 8
 AFFIRMED.
 
 
 
 *
 Because the panel unanimously finds this case suitable for decision without oral argument, Sprague's request for oral argument is denied. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3