76 F.3d 386
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Maurice HERNANDO, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 95-55543.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 15, 1995.*
Decided Jan. 23, 1996.
As Amended Jan. 30, 1996.
 
 Before: SCHROEDER, FERGUSON and O'SCANNLAIN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 This is an appeal from the denial of a 28 U.S.C. § 2255 motion to correct Appellant Maurice Hernando's sentence. Hernando was originally sentenced to a 76 month term of imprisonment, to be followed by five years supervised release. While in prison, however, Hernando assisted the government in prosecuting a person who was impersonating an FBI agent, and the government requested that his imprisonment sentence be reduced by 6 months. The district court granted the request, but somehow the order was never communicated to the Bureau of Prisons and Hernando served his full sentence. In this appeal, Hernando asks that his term of supervised release be reduced by six months.
 
 
 3
 In the district court, Hernando requested a two-year reduction in his term of supervised release. The government did not oppose a reduction of six months, but did oppose the two-year reduction. The district court denied the request in its entirety, reasoning that the purposes of incarceration and supervised release are different; incarceration is punishment, whereas supervised release helps the released person readjust to life on the street. The district court denied the request after consulting with the probation officer, whose opinion was that the appellant was not ready to have his supervised release term materially reduced. In the district court's view, Hernando's sole remedy was damages.
 
 
 4
 We see no principled reason to deny Hernando the limited reduction he now seeks. Had the BOP reduced Hernando's term of incarceration as the district court had previously ordered, Hernando's total time under federal supervision would have ended six months earlier. Consequently, the extra time Hernando spent in prison "should in fairness, be counted toward [his term] of supervised release." See United States v. Montenegro-Rojo, 908 F.2d 425, 431 n. 8 (9th Cir.1990); see also Fraley v. U.S. Bureau of Prisons, 1 F.3d 924, 925 (9th Cir.1993). The government did not object to this reduction in the district court.
 
 
 5
 The judgment of the district court is VACATED and this matter REMANDED with instructions to reduce Hernando's term of supervised release from five years to four years and six months.
 
 
 6
 VACATED AND REMANDED.
 
 
 
 *
 The panel finds this case appropriate for submission without argument pursuant to Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Circuit R. 36-3