79 F.3d 1155
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellant,
v.
Thomas P. McKENNA, Defendant-Appellee.
 No. 93-30354.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted June 6, 1994.
Submission Deferred Dec. 15, 1994.
Resubmitted Feb. 21, 1996.
Decided Feb. 21, 1996.
 
 Before: POOLE, BRUNETTI and KLEINFELD, Circuit Judges.
 ORDER
 Submission was deferred in this matter on December 15, 1994, pending final disposition of US v. $405,089.23, No. 93-55947.
 The court has determined that the final disposition of $405,089.23 will not affect the outcome of this appeal. The above captioned case is therefore resubmitted as of the date this order is filed.
 Before: POOLE, BRUNETTI and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 On September 9, 1992, Thomas McKenna was arrested and charged with conspiracy to manufacture and possession with intent to distribute marijuana. The magistrate judge ordered that McKenna be detained until the probable cause and detention hearing on September 11, 1992. At the hearing the magistrate judge ordered McKenna released on $10,000 surety bond, subject to a number of conditions including house arrest at McKenna's brother's home in Kettle Falls, Washington. McKenna, a resident of Chile whose family, home and business were in Chile, was also ordered to surrender his passport.
 
 
 3
 On October 6, 1992, the grand jury indicted McKenna for conspiracy to manufacture and possession with intent to distribute marijuana in violation of 21 U.S.C. § 846. On October 15, 1992, the magistrate judge modified the order to allow McKenna to work outside the residence:
 
 
 4
 IT IS FURTHER ORDERED that the release of the Defendant is continued pursuant to the conditions of release set forth in the court's Order dated September 11, 1992; provided, however, those conditions are modified to the limited extent that Defendant may engage in lawful work/employment within 2.7 miles of the residence during the hours of 8:00 a.m. until 5:00 p.m.
 
 
 5
 McKenna pleaded guilty to conspiracy to manufacture and distribute marijuana on June 2, 1993. He was sentenced to 48 months imprisonment, but the court gave him credit for the 11 months he spent in home detention:
 
 
 6
 He has in fact been detained in a place, in an area, a continent away from his home and family and business, which is a situation in the Court's mind, it is not a mental facility, I grant you that....
 
 
 7
 Other than the fact that there are no bars on the window, it has been incarceration and I think sufficient to constitute official detention to satisfy the provisions of 18 U.S.C. 3558 [sic].
 
 
 8
 So this is what I am going to do. First of all, I find that Mr. McKenna has complied fully, totally and completely with the terms of the plea agreement. The sentence--the Court has granted the defendant's motion under 18 U.S.C. 3553(e) to impose a sentence below the statutory minimum.
 
 
 9
 The Court will impose the sentence of four years, 48 months. That is the sentence that is called for in the plea agreement and that is the sentence the Court has no discretion but to impose, but the detention has been on-going since--for 11 months.
 
 
 10
 So based on these findings, the Court commits Mr. McKenna to the custody of the Attorney General for 37 months. That plus the 11 months constitutes the 48 months or four years that the plea agreement requires.
 
 
 11
 Now, in the event that there is an appeal by the Government of this sentence, and that the Ninth Circuit agrees with the Government and disagrees with my findings and concludes that these circumstances do not constitute detention sufficient to satisfy the requirements of the statute, then the sentence would be custody of the Attorney General for 48 months....
 
 
 12
 Now, I recognize that this is a very, very gray area, maybe it is a little bit to the black side of the gray, I am not sure, but I am convinced that what Mr. McKenna has--the condition that Mr. McKenna has been in over the past 11 months is detention, the only thing that is lacking is an iron door that slams, I feel ...
 
 
 13
 And maybe it is a risk. You know, I am always concerned about something like this. I would feel badly if there were an appeal and some way that would ultimately result in giving up what has been bargained for in the plea agreement.
 
 
 14
 So I want to make it abundantly clear the plea agreement has been complied with to the letter and the Court is imposing a sentence of 48 months....
 
 
 15
 MR. RICE [government attorney]: And it is the intention of the Court to impose a 48 month sentence with credit for 11 months credit served?
 
 
 16
 THE COURT: No, I don't want to word it that way. The sentence is 48 months. The sentence is 48 months, confined to the custody of the Attorney General for 37 months, 11 months having been served in detention. The sum of the two being the 48 months. That is distinctly different than saying that the sentence is 48 months with credit for time served.
 
 
 17
 MR. RICE: I just want to make sure that it isn't a sentence of 37 months--
 
 
 18
 THE COURT: No, it is not.
 
 
 19
 MR. RICE:--which would have been in violation of the plea agreement.
 
 
 20
 THE COURT: No, sir, it is a sentence of 48 months and I hope that I have stated that clearly and in a manner that has no ambiguity. The sentence is for 48 months.
 
 
 21
 MR. RICE: All right. Thank you, Your Honor.
 
 
 22
 THE COURT: And my intention is to sentence him exactly as contemplated in the plea agreement. I am not departing from the plea agreement
 
 
 23
 It is my determination that he has served 11 months already and so the custody of the Attorney General for 37 months more, allowing self-reporting.
 
 
 24
 The government then filed a timely appeal to this court.
 
 
 25
 The government argues that the district court erred in crediting the 11 months that Thomas McKenna served in home detention toward his 48-month prison sentence under 18 U.S.C. § 3585(b). Section 3585(b) provides:
 
 
 26
 A defendant shall be given credit toward service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences--
 
 
 27
 (1) as a result of the offense for which the sentence was imposed; or
 
 
 28
 (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
 
 
 29
 that has not been credited against another sentence.
 
 
 30
 The district court held that the conditions of McKenna's home detention were "sufficient to constitute official detention to satisfy the provisions of 18 U.S.C. 3558 [sic]."
 
 
 31
 The government correctly points out that United States v. Wilson, 112 S.Ct. 1351 (1992), precluded the district court from granting credit pursuant to 18 U.S.C. § 3585(b). The question in that case was whether the district court or the attorney general has the authority to compute credit for time served. In Wilson the Court held that it is the Attorney General who computes credit for time served after the defendant begins his sentence, and that " § 3585(b) does not authorize a district court to compute the credit at sentencing." Id. at 1354.
 
 
 32
 McKenna contends that Fraley v. United States Bureau of Prisons, 1 F.3d 924 (9th Cir.1993), and Lahey v. Floyd, 992 F.2d 234 (9th Cir.1993), support the decision of the district court. They do not, because they are both habeas appeals, not direct appeals. The district court did not, in those cases, make the initial determination of whether to give credit for time on detention. Fraley and Lahey involved federal habeas corpus petitions seeking review of a Bureau of Prisons denials of credit for time served. The Bureau of Prisons is the only authority which may determine whether to grant a defendant credit for time served, and the district court "cannot apply § 3585(b) at sentencing." Wilson, 112 S.Ct. at 1354.
 
 
 33
 Wilson compels the conclusion that the district court was in error and had no authority to grant McKenna's request for credit for time served under 18 U.S.C. § 3585. We therefore vacate the sentence and remand to the district court for resentencing.
 
 
 34
 VACATED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3