**Sammy L. PAGE, Plaintiff–Appellant,**

v.

**James WYLIE; Deborah Star; Linda L. Melching, Defendants–Appellees.**

No. 99–15689.

D.C. No. CV–98–04648–VRW.

United States Court of Appeals, Ninth Circuit.

---

Submitted Feb. 12, 2001.[1].

Decided Feb. 21, 2001.

Before LEAVY, THOMAS, and RAWLINSON, Circuit Judges.

### MEMORANDUM [2]

Sammy L. Page appeals pro se the district court's order dismissing his complaint brought pursuant to 42 U.S.C. § 1983. We have jurisdiction pursuant to 28 U.S.C. § 1291. We affirm in part, and reverse and remand in part.

We review de novo dismissals for failure to state a claim under 42 U.S.C. § 1983. *See Barnett v. Centoni,* 31 F.3d 813, 816 (9th Cir.1994) (per curiam).

Here, Page alleged that prison officials refused to pay him parole release funds because of his civil confinement status. Because Page had an adequate state-law post-deprivation remedy, the district court properly dismissed his due process claim. *See id.*

The district court erred, however, by failing to construe liberally Page's complaint as also alleging an equal protection violation concerning the release of parole release funds to civilly-confined persons. *See Fraley v. United States Bureau of Prisons,* 1 F.3d 924, 926 (9th Cir.1993) (per curiam) (concluding that equal protec-

---

1. The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

2. This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

tion rights are violated where petitioner shows that she was being treated differently from "similarly situated" prisoners). Page contends that he is similarly situated to non-civilly confined parolees. *See Page v. M.L. Torrey,* 201 F.3d 1136, 1139–40 (9th Cir.2000) (detainee who was civilly committed to state hospital under California Sexually Violent Predators Act was not a prisoner under the Prison Litigation Reform Act). Page alleges that the Department of Corrections provides release funds to paroled inmates, but denies release funds to inmates released into civil confinement. Because Page states a cognizable equal protection claim based on different treatment from similarly situated persons, the district court erred by dismissing his complaint. *See Fraley,* 1 F.3d at 926.

We AFFIRM the district court's dismissal of his due process claim. We REVERSE the district court's dismissal of Page's action and REMAND for further proceedings on his equal protection claim.

Each party shall bear their own costs on appeal.

AFFIRMED in part, REVERSED and REMANDED in part.

---

1. The panel unanimously finds this case suitable for decision without oral argument and denies Benoist's request for oral argument. *See* Fed. R.App. P. 34(a)(2).

2. This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.