UNITED STATES of America, Plaintiff—Appellee,

v.

Barclay DAVIS, Defendant—Appellant.

No. 02–10520.

D.C. No. CR–97–00201–1–LDG.

United States Court of Appeals, Ninth Circuit.

Submitted June 9, 2003.*

Decided June 23, 2003.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before RYMER, THOMAS, and SILVERMAN, Circuit Judges.

## MEMORANDUM **

Barclay Davis appeals his 30-month sentence imposed after his guilty plea conviction for conspiracy and money laundering, in violation of 18 U.S.C. §§ 371 & 1957. Because Davis waived his right to appeal in his plea agreement, we lack jurisdiction and dismiss. *See United States v. Vences,* 169 F.3d 611, 613 (9th Cir.1999).

We reject Davis's contention that the appeal waiver contained in the plea agreement is invalid because the district court did not specifically question him about it during the Fed.R.Crim.P. 11 plea colloquy. *See United States v. Michlin,* 34 F.3d 896, 898 (9th Cir.1994) ("so long as the plea agreement contains an express waiver of appellate rights, a Rule 11 colloquy concerning the waiver is not required").

We also reject Davis's contention that the appeal waiver is invalid because the government breached the plea agreement by (1) failing to present fully the extent and importance of his assistance in its motion for a downward departure based on substantial assistance pursuant to U.S.S.G. § 5K1.1, and (2) arguing that he should not receive credit for time served on house arrest. Because Davis did not raise these issues in the district court, we will not consider them on appeal. *See United States v. Robertson,* 52 F.3d 789, 791 (9th Cir.1994) (explaining that a claim of breach of plea agreement is fact-specific and therefore is "the sort of claim which a defendant ordinarily will recognize immediately and should be required to raise when the alleged breach can still be repaired") (internal quotation omitted).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Finally, Davis's contention that he was deprived of due process during the sentencing proceedings lacks merit. There is no evidence to support his argument that the district court relied on inaccurate information in sentencing him. In effect, he seeks to challenge the extent of the district court's downward departure, which we lack jurisdiction to consider. *See United States v. Dickey,* 924 F.2d 836, 838 (9th Cir.1991). Similarly, his argument that he was denied due process because the government failed to recommend credit for the time he served on house arrest is meritless. *See Fraley v. United States Bureau of Prisons,* 1 F.3d 924, 926 (9th Cir.1993) (defendant is not entitled to credit for time served on house arrest because the conditions governing such confinement do not "approach those of incarceration") (internal quotation omitted).

DISMISSED.